**SO ORDERED.**

**SIGNED this 21 day of March, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

**IN RE:**

**JEFFERY N. ALLEN,**

    **DEBTOR.**          **CASE NO. 08-01127-8-JRL**

_____

**ORDER**

This case is before the court on a motion by debtor Jeffery N. Allen ("debtor") to extend the automatic stay as to all creditors pursuant to 11 U.S.C. § 362(c)(3)(B). On March 19, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

Before reaching the merits of the debtor's motion, the court must resolve a preliminary legal question: whether the debtor's present bankruptcy petition is his second or third petition that was pending but dismissed within the previous one-year period. The debtor previously filed chapter 13 on August 9, 2006. This case was dismissed by the court on January 19, 2007, and closed on March 12, 2007. The debtor again filed chapter 13 on May 4, 2007. This case was dismissed by the court on December 5, 2007, and closed on January 11, 2008. The debtor filed the present chapter 13 petition on February 21, 2008. At that time, real property belonging to the debtor's estate had been sold at a foreclosure sale, and the upset bid period was nearing expiration. If, as the debtor contends,

the present petition is only his second chapter 13 petition within the previous one-year period, the present petition prevented the conclusion of the foreclosure sale since the automatic stay was effective for a thirty-day period immediately upon filing the petition. 11 U.S.C. § 362(c)(3). If, however, Green Tree Servicing, LLC is correct that the present petition is actually the debtor's third chapter 13 petition in the previous one-year period, its filing did not affect the foreclosure sale since it did not trigger the automatic stay. Id. at § 362(c)(4).

To determine whether this case constitutes the debtor's second or third petition, the court must decide if the debtor's first case was "pending" at any point during the one-year period preceding the current petition. Although the court dismissed this case outside the one-year period preceding the present petition, it was not closed until March 12, 2007– a date within the one-year period preceding the debtor's current petition. Therefore, the court must decide whether a case ceases to be "pending" when it is dismissed by the court or when it is closed by the Clerk's office.

Other courts interpreting "pending," in the context of § 363(c), have uniformly held that a case is no longer pending once the court has dismissed the case. In re Moore, 337 B.R. 79, 81 (Bankr. E.D.N.C. 2005); In re Williams, 363 B.R. 786, 789 (Bankr. E.D.Va. 2006); In re Easthope, No. 06-20366, 2006 WL 851829 (Bankr. D. Utah March 28, 2006). In making this determination, these courts have examined the definition of "pending" contained in Black's Law Dictionary, uses of "pending" elsewhere in the Bankruptcy Code, and policy considerations. See, e.g., Moore, 337 B.R. at 80-81. The court agrees with the reasoning of these courts and concludes that, for purposes of § 363(c), a case is no longer "pending" when it is dismissed by the court.

Thus, the present petition is only the debtor's second petition since his first petition was dismissed more than one year prior to the current petition. Therefore, the thirty-day automatic stay

2

was effective immediately upon the filing of the debtor's petition.  See § 363(c)(3).  Because the court undertook to resolve this preliminary legal issue before permitting the debtor to produce evidence that this case was filed in good faith, the clerk is directed to schedule a hearing on this matter.  The stay continues in effect pending that hearing.

"**END OF DOCUMENT**"